IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

## ORDER

**AND NOW**, to wit, this _____ day of _____ 2018, this Court having considered Defendant Dkyle Jamal Bridges' Motion for Bill of Particulars, and the Government's response thereto, it is hereby **ORDERED** that Government file a Bill of Particulars, as set forth in Defendant's Motion, and serve a copy of same on counsel for Defendant Dkyle Jamal Bridges within _____ days.

**BY THE COURT:**

_____
*Nitza I Quinones Alejandro, DCJ*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

TO THE HONORABLE NITZA I QUINONES ALEJANDRO, JUDGE OF THE SAID COURT:

Defendant, Dkyle Jamal Bridges, by and through his attorney, Andrew David Montroy, pursuant to Rule 7(f), hereby moves for an Order directing the Government to file a Bill of Particulars containing the information and particulars concerning the offense alleged in the Indictment, and in support thereof, states as follows:

1. The Indictment merely tracks the language of 18 U.S.C. §1591 and simply charges that Mr. Bridges knowingly, in and affecting interstate and foreign commerce, recruited, enticed, harbored, transported, provided, obtained, and maintained Z.W., J.S., B.T., N.G., and L.C.; knowing, and in reckless disregard of the fact, that force, threats, and means of force would be used to cause Z. W., J.S., B.T., N.G., and L.C. to engage in a commercial sex act; and, knowing and in reckless disregard of the fact, that B.T., N.G., and L.C. had not attained the age of 18 years, and would be caused to engage in a commercial sex act, and further having had a reasonable opportunity to observe B.T., N.G., and L.C.

2. The Indictment fails to provide *any* details or facts supporting the Indictment against Mr. Bridges, providing only bare-bones charges copying the language of 18 U.S.C. §1591, and nothing else.

3. In order to prepare his defense, Mr. Bridges needs to know: (a) specific actions the Government maintains constituted the recruitment, enticement, harboring, transport, providing, obtaining, and maintaining of Z.W., J.S., B.T., N.G., and L.C; (b) when those actions were allegedly taken; (c) specific locations of where the victims were allegedly trafficked or pimped; (d) the basis for the allegation that he had a reasonable opportunity to observe Z.W., J.S., B.T., N.G., and L.C.; and, (e) the specific kind of force, fraud, or coercion allegedly used in connection with the crimes.

4. The Indictment also charges Mr. Bridges with conspiracy to engage in sex trafficking in violation 18 U.S.C. §1594(c). The Indictment again merely tracks the language of §1591.

5. Such a bare-bones charge is insufficient to allow Mr. Bridges to prepare his defense. He needs to know: (a) the extent of Mr. Bridges' involvement in the alleged conspiracy; (b) the date, time, location, and manner in which Mr. Bridges joined the conspiracy; (c) the nature of the agreement; (d) the acts Mr. Bridges allegedly committed pursuant to the agreement; (e) communications related to Mr. Bridges' participation in the conspiracy; and, (f) the identification of unindicted co-conspirators listed in Count One.

6. Mr. Bridges also needs this information in order to be able to plead this case as a bar to double jeopardy. As matters now stand, the Government could simply bring another indictment alleging sex trafficking activity, and seek to avoid the double jeopardy bar by claiming that the subsequent indictment involved different activities and/or different dates and/or different persons. Mr. Bridges would be unable to disprove this by referring to the indictment at bar because it is so vague and nonspecific.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just,

Defendant, Dkyle Jamal Bridges, respectfully requests this Honorable Court grant this Motion and order the Government to provide the requested particulars so that Mr. Bridges may effectively defend himself against the charges stated in the Indictment.

Respectfully submitted,

*/s/ Andrew Montroy*
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

Defendant, Dkyle Jamal Bridges, is charged with: Conspiracy to Engage in Sex Trafficking via Force, Threats and Coercion, and in Sex Trafficking of Minors, in violation of 18 U.S.C. §1594(c); two counts of Distribution of Sex Trafficking, in violation of 18 U.S.C. §1591(a)(1), (b)(1); three counts of Sex Trafficking of Minors Via Force, Threats and Coercion, in violation of 18 U.S.C. §1591(a)(1), (b)(1) and (b)(2); and, Aiding and Abetting, in violation of 18 U.S.C. §2. Mr. Bridges requests particulars regarding the charges against him so that he may adequately prepare a defense, avoid surprise at trial, and protect himself from future prosecutions for the same offense.

Under Federal Rule of Criminal Procedure 7(f), a court may direct the government to provide an accused with a bill of particulars when necessary to clarify allegations contained in the charging instrument. "A bill of particulars defines the indictment and limits the prosecution." United States v. Smith, 776 F.2d 1104, 1115 (3d Cir. 1985). The function of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (citation omitted). Such purposes "are founded on constitutional protections for the accused." Smith, 776 F.2d at 1115. When the indictment "is too vague and indefinite" to

adequately apprise the defendant of what he must be prepared to meet, "a bill of particulars is warranted." United States v. Moyer, 674 F.3d 192, 203 (3d Cir. 2012).

Rule 7(f) is to be construed liberally.  See United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971).  Although a defendant is not entitled to wholesale discovery of the government's case, "a defendant may not be denied legitimate information simply because that information would divulge government witnesses or details of the government's evidence." United States v. Manfredi, 628 F. Supp. 2d 608, 634 (W.D. Pa. 2009) (citing Addonizio, 451 F.2d at 64).  As such, in determining whether a bill of particulars is appropriate, a court must "balance the defendant's interest in securing information concerning the government's case [with] other countervailing considerations which may result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." United States v. Rosa, 891 F.2d 1063, 1067 (3d Cir. 1989).  If there is any doubt in deciding whether a bill of particulars should be ordered, a court should resolve doubt "in favor of disclosure and the conflicting concerns must yield to public interest in affording the accused any reasonable foundation for mounting a defense." United States v. Manetti, 323 F. Supp. 683, 696 (D. Del. 1971).

As it stands, the Indictment in this case — a mere recitation of the language of the relevant statute — is insufficient to allow Mr. Bridges to adequately prepare his defense.  The Indictment broadly charges Mr. Bridges with sex trafficking by solely tracking the numerous alternative methods for committing the offense provided in 18 U.S.C. §1591(a), including recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining the alleged victims.  The government also generally charges Mr. Bridges with "causing" the alleged victims to engage in commercial sex acts.  The Indictment therefore fails to provide *any* details or facts supporting the charges against Mr. Bridges, providing only bare-bones charges copying the

language of 18 U.S.C. §1591, and nothing else.

As to the conspiracy count, the government provides only the broad time frame of the conspiracy — "in or around 2012, through on or about September 21, 2017" — and mostly unidentified co-conspirators — co-defendant, Kristian Jones, and "other persons known and unknown to the Grand Jury." Rather than provide any factual basis for the conspiracy, the government again merely lists the elements of §1591.

Due to the vagueness of the Indictment, and for the reasons articulated in his Motion to Dismiss the Indictment, Mr. Bridges requests that the government state the alleged facts on which it intends to prove the charges against him. That information is essential to the preparation of his defense. Because the Indictment merely tracks the language of §1591(a), the government has accused Mr. Bridges of a myriad of activities, and yet has failed to provide *any* specific conduct with which he is accused of committing. He is also unaware of the alleged sexual acts charged, as the government has failed to provide *any* details regarding Mr. Bridges' involvement in the alleged offense. See Russell v. United States, 369 U.S. 749, 765 (1962) (noting that where the definition of an offense includes general terms, "it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species — it must descend to particulars"); Manetti, 323 F. Supp. at 696 (noting a defendant "is entitled to be told the time and place of transactions giving rise to the charge, but is not entitled to compel the government to describe in detail the manner in which the crime was committed." (citing United States v. Palmisano, 273 F. Supp. 750 (E.D. Pa. 1967)). Further, the large timeframe encompassing the charged conspiracy — between 2012 and 2017 — and the government's failure to identify alleged coconspirators, leaves Mr. Bridges unable to adequately defend against Count One. See Manetti, 323 F. Supp. at 696 ("[A] defendant is ordinarily

entitled to the name of the participants in a conversation or transaction central to the charge[.]"); United States v. Joseph, 510 F. Supp. 1001, 1006 (E.D. Pa. 1981) (granting bill of particulars to inform defendant of "narrower time frame within which he purportedly received payments"). Mr. Bridges does not know when the government is alleging any agreement was made, or when he or his co-conspirators allegedly committed acts in furtherance of the conspiracy. The five-year time span renders it especially difficult for Mr. Bridges to anticipate his defense against acts made within this long period and increases the possibility of surprise at trial.

In contrast, other courts in this district have found indictments charging violations of §1591 provided adequate information for the defendant to prepare his defense only where the government specified the actions he took to further the conspiracy. In United States v. Cook, for example, the court denied the defendant's motion for a bill of particulars where the indictment in that case "set forth the government's theory as to the defendant's involvement in the conspiracy with specificity," including alleging "numerous hotel and motel room rentals, for which exact dates and named hotels and motels are listed; details concerning the posting of website ads on backpage.com for 'Scranton escorts;' specific illegal drugs that were provided to females; and date ranges during which the government alleges that victims engaged in prostitution for the defendant." No. 16-312, 2018 WL 1744682, at *2 (M.D. Pa. Apr. 11, 2018). Other cases demonstrate similar findings as to the indictment's specificity regarding overt acts and manner and means. See United States v. Taylor, No. 15-214, 2018 WL 1960669, at *10 (M.D. Pa. Apr. 26, 2018) (denying defendant's motion for bill of particulars where the 22-page indictment contained the elements of the offense, applicable dates, and "many details of the offenses, including a 'Manner and Means of the Conspiracy' section and a list of 15 over acts allegedly committed in furtherance of the conspiracy," as well as "adequate information detailing [the

defendant's] involvement with the charged offenses"); United States v. Robinson, No. 05-443, 2007 WL 790013, at *2 (M.D. Pa. Mar. 14, 2007) (denying defendant's motion for bill of particulars where indictment was "especially detailed" and "include[d] scores of overt acts that are alleged to have been committed pursuant to the conspiracy charged").

In addition, the lack of specificity in the Indictment severely compromises Mr. Bridges' ability to defend against possible mandatory minimum sentences. The Indictment charges Mr. Bridges with both (b)(1) and (b)(2) as to three of the alleged victims, but fails to specify not only what actions he took that are deserving of punishment under §1591(b), but whether such actions are punishable because they involved force, threats of force, fraud, or coercion (under §1591(b)(1)), or because they involved alleged victims between the age of 14 and 18 years of age (under §1591(b)(2)). Given that §1591(b)(1) carries a mandatory minimum sentence of 15 years, and (b)(2) carries a mandatory minimum sentence of 10 years, the difference in mandatory sentences makes the factual basis for the charge crucial for Mr. Bridges' defense. Mr. Bridges is entitled to know at least some details for the charges that may lead to a mandatory minimum sentence of either ten or fifteen years.

Additionally, the Indictment charges both (a)(1) and (b)(1) to two alleged victims, but also fails to specify the actions that he took that are deserving of punishment under §1591. Furthermore, count two alleges a timeframe that spans over 5 years. Accordingly, the government must inform Mr. Bridges how he is alleged to have participated in the alleged sex trafficking. Without such information, Mr. Bridges cannot prepare a defense.

Mr. Bridges therefore requests that the government provide more precise information supporting the bare-bones charges against him in the Indictment. Namely, Mr. Bridges requests the following information:

 (a) what specific actions the government maintains constituted the recruitment, enticement, harboring, transport, providing, obtaining, and maintaining of Z.W., L.C., B.T., N.G., and L.C;

 (b) when those actions were allegedly taken;

 (c) specific locations of where the victims were allegedly trafficked or pimped;

 (d) the basis for the allegation that Mr. Bridges had a reasonable opportunity to observe Z.W., L.C., B.T., N.G., and L.C.;

 (e) the specific kind of force, fraud, or coercion allegedly used in connection with the crimes;

 (f) the extent of Mr. Bridges' involvement in the alleged conspiracy;

 (g) the date, time, location, and manner in which Mr. Bridges joined the conspiracy;

 (h) the nature of the agreement;

 (i) the acts Mr. Bridges allegedly committed pursuant to the agreement;

 (j) communications related to Mr. Bridges' participation in the conspiracy; and,

 (k) the identification of unindicted co-conspirators listed in Count One.

The particulars which Mr. Bridges has requested are narrowly focused, and do not seek wholesale discovery of the government's evidence or theories. Furthermore, Mr. Bridges seeks to clarify the Indictment and receive basic geographic and chronological information in order to understand the charges against him, minimize surprise at trial, and protect him against future prosecutions. The government has no legitimate basis for refusing to disclose the specific actions that constitute Mr. Bridges' alleged conspiracy to engage in sex trafficking and sex trafficking activities. Accordingly, this Court should grant Mr. Bridges' motion.

**WHEREFORE**, Defendant Dkyle Jamal Bridges respectfully requests that the Court order the Government to issue the bill of particulars sought for all of the above stated reasons.

Respectfully submitted,

_____*/s/ Andrew Montroy*_____
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

### CERTIFICATE OF SERVICE

I, Andrew David Montroy, Esquire, hereby certify that I am this day electronically filing Defendant's Motion for Bill of Particulars and supporting Memorandum of Law, as well as serving a true and correct copy of same upon the following by first class mail, postage prepaid:

>Seth M. Schlessinger, Asst. U.S. Atty.
>Office of the United States Attorney
>615 Chestnut Street, Suite 1250
>Philadelphia, PA  19106
>
>Leigh Michael Skipper, Esquire
>Defender Association of Philadelphia
>The Curtis Center, Suite 540 West
>Independence Square West
>Philadelphia, PA  19106
>Attorney for Defendant Jones

>     */s/ Andrew Montroy*
>Law Offices of Andrew David Montroy
>By:  Andrew David Montroy, Esquire
>1500 Walnut Street, 22nd Floor
>Philadelphia, PA  19102
>(215) 735-1850
>amontroy@gmail.com
>Attorney for Defendant Bridges

DATED:  October 18, 2018