IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

# ORDER

**AND NOW**, to wit, this _____ day of _____ 2018, this Court having considered Defendant Dkyle Jamal Bridges' Motion to Sever, and the Government's response thereto, it is hereby **ORDERED** that the Defendant's Motion is **GRANTED**, and the charges against Defendant Dkyle Jamal Bridges are severed from those charges against Defendant Kristian Jones.

**BY THE COURT:**

_____
*Nitza I Quinones Alejandro, DCJ*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**DEFENDANT'S MOTION TO SEVER**

TO THE HONORABLE NITZA I QUINONES ALEJANDRO, JUDGE OF THE SAID COURT:

Defendant, Dkyle Jamal Bridges, by and through his attorney, Andrew David Montroy, hereby moves to sever all charges against him from those charges against the co-defendant, Kristian Jones, pursuant to Rule 14 of the Federal Rules of Criminal Procedure. For the reasons set forth in the attached Memorandum of Law, incorporated herein by reference, a joint trial for Mr. Bridges and Mr. Jones would violate Mr. Bridges' Sixth Amendment confrontation rights warranting a Rule 14 severance.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just, Defendant, Dkyle Jamal Bridges, respectfully requests this Honorable Court grant this Motion and sever all charges against Defendant Bridges from those charges against Defendant Jones pursuant to Rule 14.

Respectfully submitted,

_/s/ Andrew Montroy_
Law Offices of Andrew David Montroy
By: Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO SEVER**

Defendant, Dkyle Jamal Bridges, is charged with: Conspiracy to Engage in Sex Trafficking via Force, Threats and Coercion, and in Sex Trafficking of Minors, in violation of 18 U.S.C. §1594(c); two counts of Distribution of Sex Trafficking, in violation of 18 U.S.C. §1591(a)(1), (b)(1); three counts of Sex Trafficking of Minors Via Force, Threats and Coercion, in violation of 18 U.S.C. §1591(a)(1), (b)(1) and (b)(2); and, Aiding and Abetting, in violation of 18 U.S.C. §2. A joint trial of Mr. Bridges and Mr. Jones presents the dangerous situation of introducing inculpatory statements against Mr. Bridges without the opportunity of cross examination. Such a trial would violate Mr. Bridges' Sixth Amendment confrontation rights. Therefore, in accordance with Rule 14 of the Federal Rules of Criminal Procedure, all charges against Mr. Bridges should be severed from those charges against Mr. Jones.

**I.   BACKGROUND**

On May 10, 2018, Mr. Bridges was indicted along with Mr. Jones for Conspiracy to Engage in Sex Trafficking under the above-referenced statutes. Previously, on November 15, 2016, Mr. Jones was arrested along with two other juvenile women, N.G. and L.C., who were charged with prostitution.[1] Cell phones that are alleged to belong to Mr. Jones and N.G. were recovered. There are several text message conversations between N.G. and Mr. Jones that

---

[1] Counts Five and Six of the Indictment incorporate this incident.

discuss the alleged prostitution while it is contemporaneously occurring. Following his arrest, there are recorded phone conversations that Mr. Jones made from George W. Hill Correctional Facility in Delaware County, Pennsylvania. One of these conversations takes place with another male and further discusses the arrest and what occurred on November 15, 2016, and implicates Mr. Bridges. The Government has also indicated that there are several prison phone calls that Mr. Jones made while incarcerated at the Federal Detention Center in Philadelphia, which the Government intends to introduce.[2]

## II.    DISCUSSION

Pursuant to *Fed. R. Crim. P. 14(a)*:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires.

The Supreme Court has explained a severance is warranted where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). "[e]vidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice." Id. (citing Bruton v. United States, 391 U.S. 123 (1968)). Moreover, Rule 14's Advisory Committee Notes specifically contemplate that such prejudice can occur where a statement or confession of a co-defendant is admitted at trial against the defendant where the co-defendant does not testify. *Fed. R. Crim. P. 14*, Advisory Committee Notes. This is because "[l]imiting instructions to the jury may not in fact erase the prejudice." Id. While the defendant has the burden of showing "clear and substantial prejudice" resulting "in a manifestly unfair trial," which is a showing of more than

---

[2] Counsel has not received these recorded conversations in discovery as of the filing of this motion.

simply a better chance of acquittal, prejudice of a constitutional dimension such as the admission of a non-testifying co-defendant's confession should meet that burden.  See, United States v. Eurfrasio, 935 F.2d 553, 568 (3d. Cir. 1991), cert. denied sub. nom., Idone v. United States, 502 U.S. 925 (1991),

> **A.    By allowing the presentation of statements by Mr. Jones inculpating Mr. Bridges without the chance for cross-examination, the Court would be committing a <u>Bruton</u> violation.**

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . ." U.S. Const. Amend. VI.  Inherent in this right is the right of the accused to cross-examine witnesses against him.  Bruton, 391 U.S. at 126 [citation omitted].  The Supreme Court has expressly stated, "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 68 (2004).

A defendant's Sixth Amendment right to confrontation is violated during a joint trial where the trial court admits an inculpatory statement or confession by a co-defendant who has exercised his right not to testify.  Bruton, 391 U.S. at 127-28.  The Third Circuit has further explained a "Bruton analysis is triggered where an admission of a co-defendant is so 'powerfully incriminating' or 'devastating' that a limiting instruction fails to adequately safeguard the defendant's Sixth Amendment rights." United States v. Mckee, 506 F.3d 225, 249 (3d. Cir. 2007) (quoting Bruton, 391 U.S. at 135-36).  As noted above, a Bruton violation is the very type of prejudice Rule 14 seeks to prevent.  Fed. R. Crim. P. 14, Advisory Committee Notes; Zafiro, 506 U.S. at 539.

In Bruton, the Supreme Court explained the admission of a declarant/co-defendant's confession inculpating the defendant during a joint trial creates a situation where the jury is

incapable of compartmentalizing the evidence and following a limiting instruction to consider the confession as evidence of only the declarant/co-defendant's guilt. Bruton, 391 U.S. at 131. The Supreme Court further reasoned,

> Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination.

Id. at 136. As such, when a co-defendant provides a confession or inculpating statement, the court should sever the charges to ensure a fair trial for the non-confessing or inculpated co-defendant.

With inculpatory statements against Mr. Bridges by a co-defendant and the unavailability of an effective limiting instruction, the admission of the inculpatory statements would present a clear Bruton violation.

### B. Redaction of Mr. Jones' statements will not cure a Bruton violation. Even redacted, Mr. Jones' statements would directly implicate Mr. Bridges

In Richardson v. Marsh, the Supreme Court clarified its earlier ruling in Bruton, concluding, "the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Richardson v. Marsh, 481 U.S. 200, 211 (1987). Eleven years later, the Supreme Court again reviewed the Bruton rule, holding a non-testifying co-defendant's statement redacted to "replace [] a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol," is insufficient to cure a Bruton violation. Gray v. Maryland, 523 U.S. 185, 192 (1998). The Court noted the jury "will often realize that the confession refers

specifically to the defendant." Id. at 193. Further, such obvious deletions often draw special attention to the deleted name and "are directly accusatory." Id. at 193-94.

Synthesizing these precedents, the Third Circuit has found a Bruton violation occurs in two circumstances,

> The first basis for a violation would be if the trial court erroneously admitted into evidence or allowed the use at trial of a statement that on its face incriminated the objecting defendant. The second basis for a violation would be if the court admitted into evidence or allowed the use at trial of a statement that became incriminating when linked with other evidence in the case.

Vasquez v. Wilson, 550 F.3d 270, 279 (3d Cir. 2008). Decisions from the Courts of Appeals have wrestled with the issue of when the use of neutral pronouns or "placeholders" is sufficient to satisfy the Bruton rule.

When considering whether a redaction is sufficient to satisfy Bruton, the number of defendants in the case and the number of people implicated by the co-defendant's statement are essential to the determination. Id. at 282 (citing Priester v. Vaughn, 382 F.3d 394, 399-401 (3d Cir. 2004)). In Priester, the defendant had been involved in a group shooting of several victims. Priester, 382 F.3d at 396. The Third Circuit held a redacted statement was admissible where the placeholders used – "the other guy" and "another guy" – did not directly reference only the objecting defendant. Id. at 399-401. Since the case involved fifteen alleged gang members in various cars connected to a shooting, the court recognized the redacted statement – where removed references to every name in the statement – was "unclear as to the people in the first car, in the second car," and "who was shooting when and from which car." Id. at 399-400.

Conversely, in United States v. Richards, the Third Circuit found a Bruton violation where two co-defendants were charged with the armed robbery of a Brinks truck. United States v. Richards, 241 F.3d 335, 341 (3d Cir. 2001), cert. denied, 533 U.S. 960 (2001). In Richards, one of the defendants made a formal statement implicating his "friend" as well as an inside man

as his accomplices.  Id.  Since the inside man was easily identified as the unindicted driver of the Brinks van, "the reference to 'my friend' sharply incriminated Richards, the only other person involved in th[e] case."  Id.  To further support the inference that the friend was Richards, the prosecutor called the co-defendant's mother to testify her son was indeed friends with him.  Id.  As such, the use of the words "friend" and "inside man" were insufficient to avoid a Bruton violation.

Similarly, in United States v. Hardwick, four defendants were charged with drug trafficking offenses, and two co-defendants challenged the admission of a redacted proffer statement made by another defendant.  United States v. Hardwick, 544 F.3d 565, 568, 572 (3d Cir. 2008), cert. denied, 555 U.S. 1200 (2009).  The proffer statement directly implicated two co-defendant's in a murder, but were redacted to read "others," "another person," or "others in the van."  Id. at 572-73.  Even though there were multiple co-defendants in the case, only two were charged with the murder.  Id. at 573.  These two co-defendants were the only passengers in the van from which the killers emerged, making the redaction ineffective at curing the Bruton problem.  Id..  See also, Vasquez, 550 F.3d at 281 (where two out of three individuals allegedly involved with a shooting were on trial, the admission of a co-defendant's statements implicating Vasquez was a Bruton violation where it was redacted to read "my boy" or "the other guy" because the jury would likely conclude the co-defendant was the driver, and only Vasquez or the individual not on trial could have done the shooting).

In this case, there is no redaction capable of curing the Bruton violation.  In a case more like Richards than Priester, the current alleged crime involves only two individuals, Bridges and Jones.

For the aforementioned reasons, Mr. Bridges submits that a joint trial in this matter presents a <u>Bruton</u> problem that cannot be cured unless Mr. Jones testifies and subjects himself to cross-examination by Mr. Bridges' counsel.  However, Mr. Jones is allowed to make the decision to testify up until his defense is ready to rest.  If at such time, Mr. Jones decided not to testify, Mr. Bridges would move for a mistrial based upon a violation of his Sixth Amendment confrontation rights.  Such a mistrial, once granted, would contravene the principle of judicial economy upon which our joinder rules are based.  In order to avoid this situation, the Court should sever those charges against Mr. Bridges from those charges against Mr. Jones pursuant to Rule 14.

### III.    CONCLUSION

The admission of Mr. Jones' statements at a joint trial with Mr. Bridges would contravene Mr. Bridges' Sixth Amendment right to confront Mr. Jones should Mr. Jones choose not to testify.  Therefore, the defense respectfully submits the charges against Mr. Bridges must be severed from those charges against Mr. Jones pursuant to Rule 14 to avoid a deprivation of Mr. Bridges' constitutional rights.

Respectfully submitted,

_____*/s/ Andrew Montroy*_____
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

### CERTIFICATE OF SERVICE

I, Andrew David Montroy, Esquire, hereby certify that I am this day electronically filing Defendant's Motion to Sever and supporting Memorandum of Law, as well as serving a true and correct copy of same upon the following by first class mail, postage prepaid:

Seth M. Schlessinger, Asst. U.S. Atty.
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

Leigh Michael Skipper, Esquire
Defender Association of Philadelphia
The Curtis Center, Suite 540 West
Independence Square West
Philadelphia, PA  19106
Attorney for Defendant Jones

            */s/ Andrew Montroy*
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

DATED:  October 18, 2018