IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

## ORDER

**AND NOW**, to wit, this _____ day of _____ 2018, this Court having considered Defendant Dkyle Jamal Bridges' Motion to Conduct a Hearing under <u>Franks v. Delaware</u>, 483 U.S. 154 (1978), be held pursuant to the government's search of 2013 Ford Taurus and **ORDERED** that all items recovered from that search be **SUPPRESSED**.

BY THE COURT:

_____
*Nitza I Quinones Alejandro, DCJ*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**DEFENDANT'S MOTION TO CONDUCT <u>FRANKS</u> HEARING**

TO THE HONORABLE NITZA I QUINONES ALEJANDRO, JUDGE OF THE SAID COURT:

Defendant, Dkyle Jamal Bridges, by and through his attorney, Andrew David Montroy, hereby moves this court to conduct an evidentiary hearing under <u>Franks v. Delaware</u>, 483 U.S. 154 (1978), pursuant to the items seized from the 2013 Ford Taurus, bearing Delaware Ta# 941793, that he was driving on July 12, 2017 as a result of the grounds set forth in the affidavit for the warrant issued on July 13, 2017 contained materially false statements, or statements made with reckless disregard for the truth and omitted information that the judge would have wanted before deciding probable cause. The facts and law supporting this Motion are set forth in the attached Memorandum of Law, and are incorporated here by reference.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just, Defendant, Dkyle Jamal Bridges, respectfully requests this Honorable Court grant this Motion, order an evidentiary hearing, and suppress all the physical evidence obtained from the 2013 Ford Taurus on July 12, 2017.

Respectfully submitted,

_____*/s/ Andrew Montroy*_____
Law Offices of Andrew David Montroy
By: Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA 19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO CONDUCT <u>FRANKS</u> HEARING**

 Special Agent Nicholas Grill of the Federal Bureau of Investigations ("F.B.I.") applied for a warrant to search a vehicle the Defendant was driving after an anonymous confidential source ("CS") provided the FBI with information that Defendant was engaged in prostituting a woman referred in the affidavit as Victim #3 and other female prostitutes. The CS provided Agent Grill with a telephone number that upon investigation was linked to backpage.com advertisements. On July 11, 2017 an undercover Philadelphia Police Officer along with an undercover FBI agent contacted a phone number advertised on backpage.com for "women seeking men." Officer Weston engaged in a conversation with a woman who was believed to be an alleged prostitute and arranged to meet with her on July 12, 2017 at a Motel 6 in Philadelphia. When undercover officers set up surveillance they noticed that the "Target Vehicle" was parked in close proximity to where the officer had agreed to meet the alleged prostitute. Agent Grill indicated that they were aware that the Defendant drives this specific vehicle.[1] Officers stopped the vehicle for investigative purposes. Another woman named Jordan Lopez-Ervin, known to law enforcement as a prostitute was seated in the front passenger seat. Police found that the Defendant did not have a valid driver's license because it was suspended. Subsequently, the vehicle was impounded and taken to the Philadelphia Parking Authority.

---

[1] The affidavit does not reflect how the agents knew that Mr. Bridges drove a 2013 Black Taurus.

The affidavit indicates that there were multiple cell phones, motel keys and condoms in plain view in the vehicle.

I.      BACKGROUND

The investigation began in November 2016 when two minor individuals were charged in Delaware for prostitution and the FBI identified Mr. Bridges being involved in sex trafficking. On June 20, 2017, the above-referenced CS provided information that a young woman was involved in prostitution[2], that she was a minor and that Mr. Bridges was very violent towards her. (Exhibit "A," Affidavit, ¶5). The FBI found that V3's phone number was connected to backpage.com advertisements that solicit "women seeking men." (Exhibit "A," Affidavit, ¶8).

On July 11, 2017, the FBI along with the Philadelphia Police Department conducted an operation to identify sex trafficking victims and an undercover agent began communicating with V3's associated phone number to solicit sexual relations. On July, 12, 2017, the undercover officer arranged to meet with V3 at the Motel 6 in Philadelphia. He met with V3 in a room and gave her $200 in exchange for sex. (Exhibit "A," Affidavit, ¶8).

While this undercover sting unfolded, agents identified a vehicle that was parked outside of the motel and reference it as the "target vehicle." (Exhibit "A," Affidavit, ¶9). Agents identified Mr. Bridges as the driver of this vehicle, who attempted to reverse when his vehicle was stopped by law enforcement agents. (Exhibit "A," Affidavit, ¶10).

Agents impounded the vehicle after determining that Mr. Bridges' Delaware license was suspended. Observed inside the vehicle were cellular phones, magnum condoms and hotel keys. (Exhibit "A," Affidavit, ¶11).

---

[2] Referred to as V3 in the Probable Cause section of the Application for Search Warrant, a copy of which is attached as Exhibit "A."

V3 subsequently told agents that she knew Mr. Bridges, that he was her pimp, that he drove her to the Motel 6, and that she sends him text messages before and after each paid sexual encounter. (Exhibit "A," Affidavit, ¶12).

As a result of this investigation, Agent Grill applied for a search warrant for the search of the 2013 Black Taurus and "any digital storage devices located therein." (Exhibit "A"). This warrant sought any cellular phones, electronic media or computers utilized to communicate text messages regarding prostitution and operation and management of prostitutes, as well as photographs and videos demonstrating interstate prostitution. It further sought any documents and receipts related to the operation of prostitution as well as any clothes or belongings identified with sex trafficking victims. (Exhibit "A," Attachment B1.)

On July 13, 2017, the affidavit was approved by United States Magistrate Judge David R. Strawbridge, one day after the vehicle was impounded by law enforcement agents.

On May 10, 2018, Mr. Bridges was indicted with one count of Conspiracy to Engage in Sex Trafficking, in violation of 18 U.S.C. §1594(c); two counts of Distribution of Sex Trafficking, in violation of 18 U.S.C. §1591(a)(1), (b)(1); and three counts of Sex Trafficking of Minors Via Force, Threats and Coercion, in violation of 18 U.S.C. §1591(a)(1), (b)(1), (b)(2).

## II.   DISCUSSION

Mr. Bridges submits that the affidavit contains materially false statements, or statements made with reckless disregard for the truth and omits information that the judge would have wanted to know before deciding whether probable cause was valid to sign the search warrant. He denies that he engaged in any sex trafficking as alleged in the affidavit. Mr. Bridges further denies the false and incorrect statements provided in the affidavit including: (1) that he was trafficking Victim #3; (2) that he was violent towards her and has known her since she was 16

years old; (3) he has hit her in the face and dragged her from a moving vehicle causing injuries; (4) kicked her out of a moving vehicle in Philadelphia and left her without pants; (5) forced her to perform oral sex on him; (6) threatened the life of her mother as well as threaten to kidnap other family members; and, (7) that he had multiple girls working for him and pimps them out in multiple states.  Mr. Bridges categorically denies each of these statements.  Furthermore, these false statements are denied by Victim #3 and she would testify to as such at an evidentiary hearing.  Victim #3 ("B.T.") has sworn an affidavit that she did not work for Mr. Bridges and is not aware of any other girls working as a prostitute for him.  (Exhibit "B").

In <u>Franks v. Delaware</u>, 483 U.S. 154 (1978), the Supreme Court held that:

> [w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Inclusion of material misrepresentations constitutes false statements under <u>Franks</u>. <u>Wilson v. Russo</u>, 212 F.3d 781, 783 (3d Cir. 2002); <u>United States v. Wells</u>, 223 F.3d 835, 839 (2002) (noting that the affidavit contained a material misstatement, when officer alleged that the defendant's twelve year old dark blue Buick matched the description of the suspect vehicle, when the witness had described the suspect vehicle as new dark green or black Lincoln); <u>Sherwood v. Mulvill</u>, 113 F.3d 396, 399 (3d Cir. 1997) (Officers falsified affidavit to conceal the fact that drugs were purchased not by an informant, but by an unwitting participant in the transaction); <u>United States v. Frost</u>, 999 F.2d 737, 742, n.2 (3d Cir.); <u>United States v. Calisto</u>, 838 F.2d 711 (3d Cir. 1988); <u>United States v. Stanert</u>, 762 F.2d 775, 782 (9th Cir. 1985)

(Defendant was entitled to an evidentiary hearing based on preliminary showing of inaccuracies and omissions in the search warrant affidavit), *amended by*, 769 F.2d 1410 (9th Cir. 1985); United States v. Baxter, 889 F.2d 731, 733 (6th Cir. 1989).  In evaluating a claim that an officer both asserted and omitted facts with reckless disregard for the truth, the court in United States v. Yusef, 461 F.3d 374 (2006) held that:

> (1) Omissions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would want to know; and, (2) assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting.

In the instant matter, the government relied upon an anonymous confidential source, or informant, that provided the foundation of the information to support the warrant.  The Third Circuit has previously held that "informants are not presumed to be credible, and the government is generally required to show by the totality of the circumstances either that the informant has provided reliable information in the past or that the information has been corroborated through independent investigation.  United States, v. Ritter, 416 F.3d 256, 263 (3rd Cir. 2005).  There is no information contained within the affidavit that this source is reliable because of previous credible information.  According to the affidavit, the source is anonymous and no additional information supports her credibility.  However, the Government in its November 2, 2018 filing in response to defense motions indicated that the confidential source was not anonymous as the affidavit reflected.  According to footnote #5 on page 14, "B.T.'s mother was referred to as an anonymous confidential source in the affidavit in order to protect her identity from disclosure as long as possible."  The agents deliberately omitted information to the magistrate which shows a reckless disregard for the truth.  The CS sent several audio text messages to Victim #3 on July 27, 2018.  A transcript of the audio texts between Victim #3 and CS is attached hereto as Exhibit

"C."[3]  The CS contradicts that she had any direct knowledge of Mr. Bridges engaging in sex trafficking, being violent towards Victim #3, threatening her or pimping out other girls as the affidavit reflects.  In determining probable cause courts have consistently recognized the value of corroboration by independent police work.  <u>Illinois v. Gates</u>, 462 U.S at 240.  The attached exhibits highlight the lack of independent police investigation.

III.    CONCLUSION

For all the foregoing reasons, Defendant, Dkyle Jamal Bridges, respectfully requests that the Court grant an evidentiary hearing pursuant to <u>Franks v. Delaware</u>.

Respectfully submitted,

*/s/ Andrew Montroy*
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

---

[3] The audio recordings will be made available at an evidentiary hearing.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

## CERTIFICATE OF SERVICE

I, Andrew David Montroy, Esquire, hereby certify that I am this day electronically filing Defendant's Motion to Conduct <u>Franks</u> Hearing and supporting Memorandum of Law, as well as serving a true and correct copy of same upon the following by first class mail, postage prepaid:

    Seth M. Schlessinger, Asst. U.S. Atty.
    Office of the United States Attorney
    615 Chestnut Street, Suite 1250
    Philadelphia, PA  19106

    Leigh Michael Skipper, Esquire
    Defender Association of Philadelphia
    The Curtis Center, Suite 540 West
    Independence Square West
    Philadelphia, PA  19106
    Attorney for Defendant Jones

                        */s/ Andrew Montroy*
    Law Offices of Andrew David Montroy
    By:  Andrew David Montroy, Esquire
    1500 Walnut Street, 22nd Floor
    Philadelphia, PA  19102
    (215) 735-1850
    amontroy@gmail.com
    Attorney for Defendant Bridges

DATED:  January 17, 2019