IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

## ORDER

**AND NOW**, to wit, this            day of                2018, this Court having considered Defendant Dkyle Jamal Bridges' Motion *in Limine* to Exclude Evidence of Trafficking of Additional Victims, and Exclude Prejudicial Information and Images that Outweigh any Probative Value, it is hereby **ORDERED** that the Defendant's Motion is **GRANTED**.

BY THE COURT:

_____
*Nitza I Quinones Alejandro, DCJ*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
TRAFFICKING OF ADDITIONAL VICTIMS AND EXCLUDE PREJUCIDIAL
INFORMATION AND IMAGES THAT OUTWEIGH PROBATIVE VALUE**

TO THE HONORABLE NITZA I QUINONES ALEJANDRO, JUDGE OF THE SAID COURT:

Defendant, Dkyle Jamal Bridges, by and through his attorney, Andrew David Montroy,
hereby moves this Court to exclude the introduction of evidence of other victims not specifically
named in the Indictment as well as information and images that the government seeks to
introduce as either intrinsic or admissible under Rule 404(b), such evidence is unnecessary,
cumulative, and/or unfairly prejudicial under Rule 403 of the Federal Rules of Evidence, and
would violate defendants' Sixth Amendment confrontation rights under *Crawford v. Washington*,
541 U.S. 36 (2004).  The Court should therefore order to deny the admissibility of such evidence.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, as
well as any other reasons which may become apparent at a hearing or the Court deems just,
Defendant, Dkyle Jamal Bridges, respectfully requests this Honorable Court grant Defendant's
Motion to exclude evidence of trafficking of other victims and exclude prejudicial information
and images that outweigh probative value.

Respectfully submitted,

*/s/ Andrew Montroy*
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case #2:18-cr-00193-NIQA-1 |
| | : | |
| DKYLE JAMAL BRIDGES | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
TRAFFICKING OF ADDITIONAL VICTIMS AND EXCLUDE PREJUCIDIAL
INFORMATION AND IMAGES THAT OUTWEIGH PROBATIVE VALUE**

Defendants Dkyle Jamal Bridges respectfully submits this Motion in Limine to exclude evidence of trafficking additional victims and exclude information and images that are more prejudicial than probative.  While the Government seeks to introduce this evidence as either intrinsic or admissible under 404b, it is not because it is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403 of the Federal Rules of Evidence and would violate Mr. Bridges' Sixth Amendment confrontation rights under Crawford v. Washington, 541 U.S. 36 (2004).  The Court should order that this evidence is inadmissible.

I.      **BACKGROUND**

The Superseding Indictment charges Mr. Bridges with conspiring to sex traffic, and sex trafficking of, minor victims using force or threats of force to cause victims to perform commercial sex acts.  Mr. Bridges is charged with conspiring with codefendants, Kristian and Anthony Jones, as well as "other persons known and unknown to the Grand Jury."  Superseding Indictment Count One.  No victims are named in Count One.  In Counts Two through Six, Mr. Bridges is charged with the sex trafficking of minors, B.T., N.G., and L.C., by using force or threats of force.

Discovery pertaining to the government's witnesses in this case remains outstanding. Although the government has produced additional materials that fall under Giglio v. United States, 405 U.S. 150 (1972), the full names of the alleged victims are still unknown to the defense, and the government has not yet produced their criminal histories. Therefore, the specifics of which, and to what extent, each of the alleged victims were employed as prostitutes before they met Mr. Bridges are largely unknown to the defense. The defense does, however, have reason to believe that some or all of the alleged victims were already employed as prostitutes when they met Mr. Bridges.

## II.   DISCUSSION

The government has filed to admit evidence of the trafficking of victims not specifically named in the substantive counts of the Indictment. Defendants Kristian Jones and Dkyle Bridges filed a joint response to government's motion on October 31, 2018. Mr. Bridges further submits that the evidence is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403, the Court should order this evidence inadmissible.

### A.  Evidence of trafficking of victims not specifically named in substantive counts

The government seeks to admit evidence of trafficking of victims not specifically named in the Superseding Indictment, arguing that such evidence is both inextricably intertwined with evidence of the sex trafficking of the identified victims and admissible pursuant to Federal Rule of Evidence 404(b).

Intrinsic evidence is that which directly proves the charged crimes or acts that were "performed contemporaneously with the charged crime . . . if they facilitate[d] the commission of the charged crime."  United States v. Green, 617 F.3d 233, 249 (3d Cir. 2010) (quoting United

States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000)).  Any other evidence must meet the four-

pronged balancing test demanded by Rule 404(b).  Id.

With respect to Rule 404(b) evidence, the admission of character evidence to prove a

defendant's propensity is strictly prohibited.  Indeed, Rule 404(b) *only* permits the limited

admission of "prior bad acts" if the evidence satisfies some other proper evidentiary purpose,

such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

mistake, or lack of accident." Fed. R. Evid. 404(b).  Courts have recognized that:

> The problem with propensity evidence is that it "weigh[s] too much with the jury
> [because it] overpersuade[s] them as to prejudge one with a bad general record
> and den [ies] [the defendant] a fair opportunity to defend against a particular
> charge," without limitations based on whether the charged and uncharged acts are
> the same.

United States v. Smith, 725 F.3d 340, 347 (3d Cir. 2013) (quoting Michelson v. United States,

335 U.S. 469, 476 (1948)).  The purpose of Rule 404(b), therefore, is to protect an accused's

constitutional right to a fair trial from the tendency that character evidence has to "over

persuade" the jury.  Consequently, the Third Circuit, in a series of recent cases, has clarified that

Rule 404(b) functions as a rule of exclusion, not a rule of inclusion.  United States v. Brown; 765

F.3d 278, 294 (3d Cir. 2014); United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014).

The Supreme Court has established, and the Third Circuit has adopted, a four-prong test

to determine whether evidence of the other crimes, wrongs or acts is admissible under Rule

404(b).  Huddleston v. United States, 485 U.S. 681 (1988); United States v. Scarfo, 850 F.2d

1015 (3d Cir.), cert. denied, 488 U.S. 910 (1988).  To be admissible, the proponent of the Rule

404(b) evidence must persuade the court the proffered evidence:  (1) has a proper evidentiary

purpose under Rule 404(b); (2) is relevant under Rule 402; (3) is of such probative value as to

outweigh the prejudice to the defendant as required by Rule 403; and (4) the introduction of such

5

evidence must be accompanied by a proper limiting instruction.  <u>United States v. Smith</u>, 725 F.3d 340, 344 (3d Cir. 2013) (citing <u>Huddleston</u>, 485 U.S. at 691).

The government argues the evidence of additional victims is intrinsic evidence and admissible under Rule 404(b), as it provides background information of the charged crimes, as well as evidence of knowledge, intent, and modus operandi of Mr. Bridges.

Evidence of additional victims, however, cannot be intrinsic evidence of the substantive counts in the Superseding Indictment. Mr. Bridges' interactions with other victims are not proof of how he interacted with the five named victims in Counts Two through Six.  <u>United States v. Hernandez</u>, 626 F. App'x 900, 906 (11th Cir. 2015) (finding that evidence of "similar *modus operandi* employed against another victim is not inextricably intertwined with the charges, but rather is classic Rule 404(b) evidence of other bad acts"); <u>United States v. Jackson</u>, 299 F.R.D. 543, 546 (W.D. Mich. 2014) ("Evidence that Defendant had other prostitutes working for him, and how he managed them is not inextricably intertwined with the charges in this case unless Defendant somehow puts the issue into contention.").  Indeed, the evidence would be offered primarily to suggest that because Mr. Bridges trafficked victims before, he committed the instant offenses. <u>Jackson</u>, 299 F.R.D. at 546 ("To the extent that evidence of Defendant's other prostitutes is offered to corroborate the testimony of the Minors, it creates a great risk of being prohibited propensity evidence.").  Thus, other victim evidence is replete with improper character inferences that because Mr. Bridges treated previous victims in a certain manner, he must have treated the five named victims in the same way.

To the extent the Court finds this evidence may be true 404(b) evidence, the defense submits it would be premature to make a ruling without more information from the government. What the government contends to be evidence of *a modus operandi*, for example, may in fact be

propensity evidence.  United States v. Willoughby, 742 F.3d 229, 237 (6th Cir. 2014) (finding that prostitute's testimony that defendant "gave her condoms and counted them when she returned after work" was not sufficiently distinctive to be admissible evidence of a continuing pattern of illegal activity or a common plan or scheme, as "saying that a pimp counts condoms is like saying that a bank robber uses a gun").

But even if the Court finds such evidence goes to Mr. Bridges' knowledge that the victims would be caused to engage in sex acts—both an element of the offense and a permissible purpose under Rule 404(b)—the probative value of such evidence does not outweigh its great prejudice to Mr. Bridges or its cumulative nature.  Testimony of additional victims not charged in the Superseding Indictment would have a powerful impact on the jury, and because the prior uncharged conduct is substantially similar to the instant charged crimes, the danger of its admission is especially dangerous.  Willoughby, 742 F.3d at 238. Further, the government has failed to show why other means of proof are insufficient in this case.  United States v. Bailey, 840 F.3d 99, 122 (3d Cir. 2016) ("This court and other circuit courts have clarified that probative value is informed by the availability of alternative means to present similar evidence." (internal quotation marks and citations omitted)); Willoughby, 742 F.3d at 238 (finding probative value of pimping testimony "modest" where it "merely showed that [defendant] knew what everyone else knew" and the government "already had overwhelming proof that, when [defendant] drove [the victim] to the residences of two johns, he knew full well that she would be caused to engage in a commercial sex act there").  Indeed, evidence of trafficking of additional victims is likely to be cumulative, and its "contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion."  United States v. Cross, 308 F.3d 308, 326 (3d Cir. 2002); Fed. R. Evid. 403 (providing that relevant evidence "may be

excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); Willoughby, 742 F.3d at 238 (finding the government's use of pimping testimony to show defendant's knowledge was "piling on" after officer and named victim provided sufficient testimony—"enough to convict [defendant]").   Thus, the probative value of any additional victim evidence would be substantially outweighed by both the unfair prejudice to Mr. Bridges and needless presentation of cumulative evidence.   Willoughby, 742 F.3d at 238 (noting the "government's use of [uncharged pimping evidence] with an unquestionably powerful and prejudicial impact . . . merely to prove a fact already proven by overwhelming evidence, can be grounds for reversal").

To the extent the government argues such evidence is intrinsic to the conspiracy charged, the defense contends it is also premature for the Court to make a determination as to its relevance and prejudice to Mr. Bridges under Rules 401 and 403.   Jackson, 299 F.R.D. at 546 (granting defendant's motion to exclude "evidence of other prostitutes to show broader sex-trafficking operation or for the purpose of corroborating the testimony of the Minors" until the court knew "what the evidence [was], and how it fits in with the other evidence at trial").   But the defense notes there is a great risk that such evidence will be overly prejudicial to Mr. Jones.   Indeed, in United States v. Bobb, cited by the government, the Third Circuit found that the district court properly admitted evidence of the uncharged assault of a participant in the charged conspiracy by defendant—the "organizer and leader" of the conspiracy.   471 F.3d 491, 497-98 (3d Cir. 2006). Such evidence, the appellate court held, revealed the defendant's "enforcement of the conspiracy in a leadership role."   Id. at 498.   Here, evidence pertaining to uncharged victims makes no such showing as to Mr. Bridges in the instant sex trafficking conspiracy.

Additionally, the Government has just recently provided some discovery relating to an incident in 2013 that occurred in Delaware in which Mr. Bridges was charged with Robbery and other related offenses and subsequently pled guilty to some underlying charges involved in that case.   The Government has not specifically requested admission of this evidence under Rule 404b but has listed several witnesses in its trial memorandum that it submitted to this court as well the dissemination of discovery materials suggests that the Government seeks to introduce this evidence.   This evidence would drastically impede the defendant's right to a fair and impartial trial.

Finally, the defense urges the court to consider the cumulative effect of allowing each additional victim's testimony concerning Mr. Bridges' prior trafficking activity.   As Judge McHugh recently found in United States v. Hill, a court "should stop at each step to recalibrate the Rule 403 scale to take into consideration the overall impact on the jury."  309 F. Supp. 266, 270 (E.D. Pa. 2018).   Although the "probative value of any instance of conduct can certainly be evaluated individually, . . . the analysis for prejudice must at each step take into account the *combined* effect of allowing multiple instances of such conduct to be heard by the jury."  Id. at 270-71 (emphasis in original).   This is both because the prejudicial effect of allowing evidence of multiple instances of prior bad acts is "magnified," and because "the cumulative nature of the evidence would also more likely lead the jury to consider it for the improper purpose of showing propensity."  Id. at 271.   In following this reasoning, in Hill, Judge McHugh permitted the government to introduce one prior robbery, but excluded the additional robberies the government sought to introduce.   Id.   Thus, to the extent the Court is inclined to admit any evidence of Mr. Bridges' trafficking of additional victims, the combined prejudicial effect of each additional act must be considered.

### B.  Evidence of information and images that are more prejudicial than probative

The Government has provided thousands of pages of documents in addition to thousands of images.  Included in those images are pictures and videos extracted from various cell phones recovered by law enforcement agents.  A handful of images depict Mr. Bridges holding what appears to be a handgun.  The introduction of these images would inflame the emotions of the jury and have a drastically prejudicial effect upon Mr. Bridges' right to a fair and impartial trial. Furthermore, this evidence is not probative and not relevant for the charges that Mr. Bridges' faces.  While the Superseding indictment charges Mr. Bridges with threatening and forcing individuals into commercial sex acts, there are no allegations that Mr. Bridges threatened and forced individuals into these acts by point of gun.  The discovery disseminated by the government is devoid of any allegations that Mr. Bridges used a weapon in any context.

## III.    CONCLUSION

Evidence of other victims not specifically named in the Indictment is unnecessary, cumulative, and/or unfairly prejudicial under Rule 403.  Therefore, the defendant respectfully requests that this Honorable Court should grant Defendant's Motion to exclude evidence of trafficking of other victims and exclude prejudicial information and images that outweigh probative value.


Respectfully submitted,


_____/s/ Andrew Montroy_____
Law Offices of Andrew David Montroy
By:  Andrew David Montroy, Esquire
1500 Walnut Street, 22nd Floor
Philadelphia, PA  19102
(215) 735-1850
amontroy@gmail.com
Attorney for Defendant Bridges

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                                :
        v.                    :        Case #2:18-cr-00193-NIQA-1
                                :
DKYLE JAMAL BRIDGES        :

## CERTIFICATE OF SERVICE

I, Andrew David Montroy, Esquire, hereby certify that I am this day electronically filing Defendant's Motion to Compel Grand Jury Transcripts and supporting Memorandum of Law, as well as serving a true and correct copy of same upon the following by first class mail, postage prepaid:

        Seth M. Schlessinger, Asst. U.S. Atty.
        Office of the United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA  19106

        Leigh Michael Skipper, Esquire
        Defender Association of Philadelphia
        The Curtis Center, Suite 540 West
        Independence Square West
        Philadelphia, PA  19106
        Attorney for Defendant Jones

                              */s/ Andrew Montroy*
                        Law Offices of Andrew David Montroy
                        By:  Andrew David Montroy, Esquire
                        1500 Walnut Street, 22nd Floor
                        Philadelphia, PA  19102
                        (215) 735-1850
                        amontroy@gmail.com
                        Attorney for Defendant Bridges

DATED:  February 6, 2019