# EXHIBIT "C"



## 75 Pa.C.S. § 6309.2

Pa.C.S. documents are current through 2018 Regular Session Acts 1-164; P.S. documents are current through 2018 Regular Session Acts 1-87, 89-94, 97, 105, 107, 108, 111, 115, 124, 128, 131, 132, 145, 156, 158, 161, 163, 164

**Pennsylvania Statutes, Annotated by LexisNexis® > Pennsylvania Consolidated Statutes > Title 75. Vehicles (Pts. I — VI) > Part V. Administration and Enforcement (Chs. 61 — 67) > Chapter 63. Enforcement (Subchs. A — C) > Subchapter A. General Provisions (§§ 6301 — 6313)**

## § 6309.2. Immobilization, towing and storage of vehicle for driving without operating privileges or registration.

(a) **General rule.** — Subject to subsection (d), the following shall apply:

(1) If a person operates a motor vehicle or combination on a highway or trafficway of this Commonwealth while the person's operating privilege is suspended, revoked, canceled, recalled or disqualified or where the person is unlicensed, as verified by an appropriate law enforcement officer in cooperation with the department, the law enforcement officer shall immobilize the vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storage agent pursuant to subsection (c), and the appropriate judicial authority shall be so notified.

(2) If a motor vehicle or combination for which there is no valid registration or for which the registration is suspended, as verified by an appropriate law enforcement officer, is operated on a highway or trafficway of this Commonwealth, the law enforcement officer shall immobilize the motor vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storing agent pursuant to subsection (c), and the appropriate judicial authority shall be so notified.

(b) **Procedure upon immobilization.**

(1) When a vehicle is immobilized pursuant to subsection (a)(1), the operator of the vehicle may appear before the appropriate judicial authority within 24 hours from the time the vehicle was immobilized. The appropriate judicial authority may issue a certificate of release upon:

(i) the furnishing of proof of registration and financial responsibility by the owner of the vehicle; and

(ii) receipt of evidence that the operator of the vehicle has complied with the pertinent provisions of Title 42 (relating to judiciary and judicial procedure) and this title.

(2) When a vehicle is immobilized pursuant to subsection (a)(2), the owner of the vehicle may appear before the appropriate judicial authority within 24 hours from the time the vehicle was immobilized. The appropriate judicial authority may issue a certificate of release upon:

(i) the furnishing of proof of registration and financial responsibility by the owner of the vehicle; and

(ii) receipt of evidence that the operator of the vehicle has complied with the pertinent provisions of Title 42 and this title.

(3) If a certification of release is not obtained within 24 hours from the time the vehicle was immobilized, the vehicle shall be towed and stored by the appropriate towing and storage agent under subsection (c).

**(c) Procedure upon towing and storage.**

(1) Except as provided in paragraph (2), the following steps shall be taken:

(i) The appropriate judicial authority shall notify the appropriate law enforcement officer of the county in which the violation occurred.

(ii) The officer notified under subparagraph (i) shall notify the appropriate towing and storage agent to tow and store the vehicle or combination and provide notice by the most expeditious means and by first class mail, proof of service, of the towing, storage and location of the vehicle or combination to the owner of the vehicle or combination and any lienholder and, if applicable, the owner of the load, if the names and addresses of the owner and any lienholder are known or can be ascertained by investigation.

(2) In a city of the first class, the following steps shall be taken:

(i) The appropriate judicial authority or appropriate law enforcement officer shall notify the appropriate towing and storage agent.

(ii) The appropriate towing and storage agent shall tow and store the vehicle or combination and provide notice by first class mail, proof of mailing, of the towing, storage and location of the vehicle or combination to the owner and the lienholder of the vehicle or combination using a reasonably available State database.

**(d) Recovery of towed and stored vehicle.**

(1) The owner or lienholder of any vehicle or combination which has been towed and stored under this section may obtain possession of the vehicle or combination by:

(i) furnishing proof of valid registration and financial responsibility; and

(A) if the towing and storage resulted from the operation of the vehicle or combination by the owner, paying all fines and costs associated with the towing and storage of the vehicle or combination and any other than outstanding fines and costs of the owner or making arrangements with the appropriate judicial authority to make payments of all other outstanding fines and costs immediately or, in the discretion of the appropriate judicial authority, by installments as provided by the Pennsylvania Rules of Criminal Procedures; or

(B) if the towing and storage resulted from the operation of the vehicle or combination by a party other than the owner, paying all costs associated with the towing and storage of the vehicle or combination and fines associated with citations issued by the law enforcement officer related to the towing and storage and any other outstanding fines and costs of the owner or making arrangements with the appropriate judicial authority to make payments of all such fines and costs or, in the discretion of the appropriate judicial authority, by installments as provided by the Pennsylvania Rules of Criminal Procedure.

(1.1) In cities of the first class, the appropriate judicial authority shall not issue an order for the release of any vehicle towed and stored pursuant to this section until provisions are made for payment of all fines and penalties associated with violations of any local parking regulation or ordinance or applicable section of this chapter or Chapter 61 (relating to powers of department and local authorities).

(2) Any vehicle not recovered under this subsection may be sold as an unclaimed vehicle, combination or load under section 6310 (relating to disposition of impounded vehicles, combinations and loads). The proceeds of the sale shall be applied to the payment of the fines and costs associated with the towing and storage of the vehicle.

**(e) Definitions. —**

75 Pa.C.S. § 6309.2

As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"*Appropriate judicial authority.*" —In counties of the first class, the Philadelphia Traffic Court. In all other counties, the magisterial district judge in whose district the violation occurred.

"*Appropriate towing and storage agent.*" —In counties of the first class, the Philadelphia Parking Authority or its authorized agent. In other municipalities, a towing and storage agent designated by local ordinance.

"*Costs.*" —The term shall include reasonable fees.

# History

Act 1996-149 (H.B. 2091), P.L. 925, § 9, approved Dec. 10, 1996, eff. immediately; Act 1996-93 (H.B. 2360), P.L. 535, § 5, approved July 2, 1996, See section of this act for effective date information; Act 2002-123 (S.B. 238), P.L. 845, § 10.1, approved Oct. 4, 2002, eff. immediately; Act 2004-207 (S.B. 904), P.L. 1618, § 25, approved Nov. 30, 2004, eff. in 60 days; Act 2005-50 (H.B. 489), P.L. 285, § 9, approved July 14, 2005, eff. in 60 days.

Annotations

# LexisNexis® Notes

# Notes

**AMENDMENT NOTES.**

The 2005 amendment added "or combination or, in _____ subsection (c)" in (a)(1); in (a)(2), deleted "for failing to maintain financial responsibility" following "is suspended" and substituted "the law enforcement officer shall immobilize the motor vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storing agent pursuant to subsection (c)" for "the motor vehicle or combination shall be immobilized by the law enforcement authority"; added "or appropriate law enforcement officer" in (c)(2)(i); in (c)(2)(ii), deleted "by the most expeditious means and" following "provide notice," substituted "mailing" for "service," added "and the lienholder," and substituted "using reasonably available State databases" for "and any lienholder and, if applicable, the holder of record owner of the load, if the names and addresses of the owner and any lienholder are known or can be ascertained by investigation"; added "or lienholder" in the introductory language of (d)(1); rewrote (d)(1)(ii); added (d)(1.1); and deleted "or the applicable local ordinance" at the end of first sentence of (d)(2).

# Case Notes

Upon determining that defendant could not drive his vehicle due to a suspended license, and resolving that the vehicle had to be towed, police properly conducted an inventory search pursuant to 75 Pa.C.S. § 6309.2 and the police care-taking function; the seizure of heroin in the center console of the vehicle did not violate *U.S. Const. amend. IV.* Commonwealth v. Husky, 15 Pa. D. & C.5th 188, 2010 Pa. Dist. & Cnty. Dec. LEXIS 385 (Pa. County Ct. Aug. 3, 2010).